*Adams v. Equinox Holdings, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

Michelle Adams,

    *Plaintiff-Appellant*,

  v.              23-608

Equinox Holdings, Inc., Joe Matarazzo, Matt Herbert, and Will Diaz,

    *Defendants-Appellees.*[*]

_____

| | |
|---|---|
| **FOR APPELLANT:** | FRED B. LICHTMACHER, The Law Office of Fred Lichtmacher P.C., New York, NY. |
| **FOR APPELLEES:** | JARED E. BLUMETTI (Patrick McPartland *on the brief*), LaRocca Hornik Rosen & Greenberg LLP, New York, NY. |

_____

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cronan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Michelle Adams was employed as a personal trainer at the Flatiron Equinox Club from 1997 until 2018, when she was 60 years old. She was terminated for violating company policy by threatening a co-worker in the workplace. Adams sued Defendant Equinox Holdings, Inc. ("Equinox") and various individual defendants in New York state court, but Equinox removed the action to the U.S. District Court for the Southern District of New York. Adams filed an Amended Complaint, bringing age discrimination and retaliation claims against all Defendants under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, and aiding and abetting claims against the individual defendants under the NYCHRL. The district court (Nathan, *J.*) granted in part and denied in part the individual defendants' motion to dismiss, dismissing all claims against them, except the claims that they aided and abetted Equinox. The case was then reassigned to Judge Cronan. Defendants moved for summary judgment, and the district court granted their motion, dismissing all remaining claims.[1] Adams appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] The district court dismissed individual defendants Elvira Bolotbekova and Alex Songolo from the action for failure to serve.

"We review an award of summary judgment *de novo*." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 19 (2d Cir. 2014). "Summary judgment is appropriate only where, construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor, there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." *Id*. (quotation marks omitted). "A genuine issue exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007) (quotation marks omitted).

We affirm for substantially the reasons given by the district court. Adams fails to present any evidence of age-based conduct by Equinox that would give rise to an inference of discrimination. Equinox, on the other hand, presents a legitimate, non-discriminatory, and non-retaliatory reason for terminating Adams—namely, she violated company policy by threatening a co-worker at the workplace. Thus, Adams's claims of discrimination, hostile environment, and retaliation under the ADEA and the NYCHRL fail, and so do her aiding and abetting discrimination claims. *See Williams v. N.Y.C. Hous. Auth.*, 61 F.4th 55, 68 (2d Cir. 2023) ("[A]n aiding and abetting claim is only viable when an underlying violation has taken place.").

We have considered all of Adams's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court